**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL FORREST JONES,
Plaintiff-Appellant,

v.

VIRGIL BLONDELL JONES, Estate of;
HARVEY B. HURST, Personal
Representative for the estate of
Virgil Blondell Jones; ROYAL
THOMAS JONES; KIM HUNTER JONES;

A. B. QUINN, both individually and
as Guardian ad Litem for Anna
Quinn Jones, incompetent; ANNA
QUINN JONES; JAMES W. THOMPSON,
III; DARLENE LEONARD, Clerk of
Superior Court and Judge of
Probate, Carteret County, North
Carolina,
Defendants-Appellees.

No. 99-2565

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CA-99-60-4-H)

Submitted: May 19, 2000

Decided: June 5, 2000

Before WIDENER, MURNAGHAN, and MOTZ, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

**COUNSEL**

Michael Forrest Jones, Appellant Pro Se. Bobby J. Stricklin, Havelock, North Carolina; Robert John McAfee, New Bern, North Carolina; James W. Thompson, III, Morehead City, North Carolina; C. Norman Young, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Forrest Jones appeals from the district court's orders dismissing his lawsuit and denying reconsideration. We dismiss in part and affirm in part.

Jones alleges his grandmother's guardian, her brother A.B. Quinn, allowed other family members to steal her assets. His complaint raised four claims, including a constitutional challenge to North Carolina's guardianship statute. By order dated August 9, 1999 (the "August Order"), the district court dismissed all of Jones' claims for lack of standing. Jones filed a Fed. R. Civ. P. 60(b) motion for reconsideration on August 30, 1999. After the court denied this motion on October 18, 1999 (the "October Order"), Jones noted an appeal on November 15, 1999.

Jones' notice of appeal was timely only as to the October Order. Because Jones filed his Rule 60 motion more than ten days after the August Order and noted his appeal more than thirty days after that same order, the notice was untimely as to the August order. See Fed. R. App. P. 4(a). Accordingly, only the October Order denying the Rule 60 motion is properly before us on appeal. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264-65 (1978).

2

We conclude the district court did not abuse its discretion in denying the Rule 60 motion. Jones' motion argued he had standing to challenge North Carolina's guardianship statute, N.C. Gen. Stat. § 35A-1213 (1995), which bars the appointment of a non-resident as a general guardian. In particular, he alleged a court clerk advised him that § 35A-1213 precluded his appointment as guardian. He has not alleged, however, and the record does not indicate, that the court was inclined to replace Quinn as guardian. Thus, Jones has not established he would have been named his grandmother's guardian in the absence of § 35A-1213. Accordingly, he lacks standing to challenge the provision's constitutionality. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 570-71 (1992).

For these reasons, we dismiss this appeal as untimely with respect to the August Order and affirm with respect to the October Order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART; AFFIRMED IN PART

3